IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MULTICULTURAL EDUCATION | § | |
| AND COUNSELING THROUGH | § | |
| THE ARTS, INC. | § | |
| | § | |
| VS. | § | CIVIL NO. 4:19-cv-2546 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |

*On Removal from:*

CAUSE NO. 2019-40120

| | | |
|---|---|---|
| MULTICULTURAL EDUCATION | § | IN THE DISTRICT COURT |
| AND COUNSELING THROUGH | § | |
| THE ARTS, INC. | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | 333RD JUDICIAL DISTRICT |

EXHIBIT 6

ALL DOCUMENTS FILED IN STATE COURT

| Tab | Document Name | Filing Date |
|-----|---------------|-------------|
| 1. | Plaintiff's Original Petition | 6/11/19 |
| 2. | Defendant's Original Answer | 7/12/19 |
| 3. | Defendant's Notice of Removal to Federal Court | 7/15/19 |

# TAB 1

 **CT Corporation**

**Service of Process Transmittal**
07/08/2019
CT Log Number 535814273

| | |
|---|---|
| **TO:** | Scott Yurko<br>Tokio Marine Specialty Insurance Company<br>One Bala Plaza, Suite 402<br>Bala Cynwyd, PA 19004- |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Philadelphia Indemnity Insurance Company  (Domestic State: PA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Multicultural Education And Counseling Through The Arts, Inc., Pltfs. vs. Philadelphia Indemnity Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 333rd Judicial District Court Harris County, TX<br>Case # 201940120 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/08/2019 postmarked on 07/05/2019 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition. |
| **ATTORNEY(S) / SENDER(S):** | Jason M. Klein<br>Kearney, McWilliams & Davis<br>410 Pierce Street, Suite 241<br>Houston, TX 77002<br>713-936-9620 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/08/2019, Expected Purge Date: 07/13/2019<br><br>Image SOP<br><br>Email Notification,  Nora Howard  nhoward@phlyins.com<br><br>Email Notification,  Scott Yurko  scott.yurko@tmnas.com<br><br>Email Notification,  Morgan Knapp  morgan.knapp@tmnas.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





$7.75
US POSTAGE
FIRST-CLASS
FROM 77002
07/05/2019
stamps
endicia

CT Corporation System
Attn: Philadelphia Indemnity Insurance C
1999 Bryan Street , Suite 900
Dallas TX 75201-3140

| RECEIPT NUMBER | 0.00 |
|---|---|
| TRACKING NUMBER | 73635384   MTA |

**CAUSE NUMBER** ___201940120___

| | |
|---|---|
| **PLAINTIFF:** MULTICULTURAL EDUCATION AND COUNSELING THROUGH THE ARTS INC<br>vs.<br>**DEFENDANT:** PHILADELPHIA INDEMNITY INSURANCE COMPANY | In The 333rd<br>**Judicial District Court of**<br>**Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: PHILADELPHIA INDEMNITY INSURANCE COMPANY (A FOREIGN CORPORATION)
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION__.

This instrument was filed on the ___11th___ day of ___June_____ , 20__19__ , in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___12th___ day of
___June_____ , 20__19__ .

Issued at request of:
KLEIN, JASON MICHAEL
410  PIERCE STREET, SUITE 241
HOUSTON, TX  77002
TEL: (713) 936-9620
Bar Number: 24090211

*[seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]*

*[signature]*
**MARILYN BURGESS, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: JOHN-MILLER, LEWIS  BFC//11252022

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____ , 20_____ , at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ , _____
                                                        (STREET ADDRESS)                        (CITY)

in _____ County, Texas on the _____ day of _____ , 20_____ , at _____ o'clock ___.M.,

by delivering to _____ , by delivering to its
               (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ , in person, whose name is _____ ,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                              (DESCRIPTION OF PETITION, E.G. "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____ .
                              (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20___ .

FEE: $_____

By: _____
    (SIGNATURE OF OFFICER)

Printed Name: _____

_____
Affiant Other Than Officer

As Deputy for: _____
              (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , 20_____

_____
Notary Public

N.INT.CITC.P                    **\*73635384\***

ᴸⱼ

| | RECEIPT NUMBER | 0.00 |
| --- | --- | --- |
| | TRACKING NUMBER | 73635384  MTA |

**CAUSE NUMBER**   201940120

**PLAINTIFF:** MULTICULTURAL EDUCATION AND COUNSELING THROUGH THE ARTS INC
vs.
**DEFENDANT:** PHILADELPHIA INDEMNITY INSURANCE COMPANY

In The 333rd
**Judicial District Court of
Harris County, Texas**

### CITATION CORPORATE

**THE STATE OF TEXAS
County of Harris**

TO: PHILADELPHIA INDEMNITY INSURANCE COMPANY (A FOREIGN CORPORATION)
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201

Attached is a copy of  UNDERLINE PLAINTIFF'S ORIGINAL PETITION .

This instrument was filed on the ___11th__ day of ___June_____, 20__19__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___12th__ day of ___June_____, 20__19__.

Issued at request of:
KLEIN, JASON MICHAEL
410 PIERCE STREET, SUITE 241
HOUSTON, TX 77002
TEL: (713) 936-9620
Bar Number: 24090211

*[seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]*

*cpMaⱮ Burge*

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210**

Generated by: JOHN-MILLER, LEWIS · BFC//11252022

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____, _____
                                                                (STREET ADDRESS)                                     (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                          (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____.
                                               (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____

By: _____
                (SIGNATURE OF OFFICER)

Printed Name: _____

_____
Affiant Other Than Officer

As Deputy for: _____
                          (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

_____
Notary Public

N.INT.CITC.P                    *73635384*

6/11/2019 2:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34282180
By: Hilda Yam
Filed: 6/11/2019 2:18 PM

## 2019-40120 / Court: 333

**CAUSE NO. _____**

| | | |
|---|---|---|
| **MULTICULTURAL EDUCATION AND** | § | **IN THE DISTRICT COURT** |
| **COUNSELING THROUGH THE ARTS, INC.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY INSURNACE** | § | |
| **COMPANY,** | § | |
| **Defendant,** | § | **DISTRICT COURT** |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW,** Multicultural Education and Counseling Through the Arts, Inc., ("MECA") and files this Original Petition against Defendant Philadelphia Indemnity Insurance Company ("Defendant"). In support of same, Plaintiff will show this Honorable Court as follows:

### I.
### DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 3, pursuant to Rule 190 of the Texas Rules of Civil Procedure. MECA seeks monetary relief of more than $100,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees and non-monetary relief.

### II.
### JURISDICITON AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. The amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Harris County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

### III.
### PARTIES

3.     MECA is a Texas corporation doing business in Harris County, Texas. Plaintiff is in good standing under the laws of the State of Texas.

4.     Defendant Philadelphia Indemnity Insurance Company is a foreign corporation doing business in Texas of adjusting insurance claims. Defendant issued an insurance policy to Plaintiff MECA, which provides coverage for the present suit. Defendant may be served with citation and a copy of this Petition, by serving it through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

### IV.
### FACTUAL BACKGROUND

5.     MECA is a named insured under a commercial policy issued by Defendant in policy no. PHPK 1490458 (hereinafter referred to as "Policy").

6.     On or around August 26, 2017, the city of Houston, Texas, and its surrounding cities and counties suffered extensive storm-related damage as per Insurance Code § 542A.001(2)(C). This event caused severe and continuing destruction to MECA's property located at 1900 Kane Street, Houston, Texas 77007. As Philadelphia Insurance must concede, and as any proper investigation by Philadelphia Insurance will yield, incredible damage and loss was suffered by MECA's property due to storm-related events.

7.     MECA made two separate claims regarding storm damages to its buildings. Only after an inspection by non-biased inspectors did the true scope of damages become known to MECA. Philadelphia took advantage of the lack of knowledge by MECA to force MECA into an improper damage assessment. Due to the improper damage estimate, Hurricane Harvey caused massive additional damage in August 2017. Over the course of the rebuilding process, MECA has had

2

dozens of various organizations review the damages, which all disagree with Philadelphia's assessment of the damages.

8.     Specifically, Nelson Forensics was retained to prepare a report for Defendant Philadelphia. Nelson Forensics report states moisture is present in nearly every room of MECA, however the Nelson Forensic report alleges the moisture in the three-story building is due to roof leaks. Nelson Forensics' report is a result-oriented report draft to mislead MECA as to the nature and scope of damages sustained by MECA.

9.     As a result of Defendant's actions, Plaintiff has been required to obtain legal counsel to bring this suit. Therefore, Plaintiff is entitled to reasonable attorney's fees which may be awarded by this Court under Sections 37 and 38 of the Texas Civil Practices and Remedies Code.

## V.
## CLAIMS AGAINST DEFENDANT

10.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs. All conditions precedent to recovery by Plaintiff have been met or have occurred. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and were completed in its normal and routine course and scope of employment with Defendant.

## VI.
## BREACH OF CONTRACT

11.     According to the policy that Plaintiff purchased, Defendant had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made. As a result of the failure to pay insurance benefits, Plaintiff suffered damages.

3

12. Despite coverage, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the Plaintiff's coverage, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## VII.
## VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

13. Defendant's collective actions constitute violations of the Texas Deceptive Trade Practices

Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3),

(4) of the Texas Business & Commerce Code. Specifically, in violation of Section 17.46(b),

Defendant collectively engaged in false, misleading, or deceptive acts or practices that included,

but were not limited to:

*17.46(b)(5) - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;*

*17.46(b)(7) - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;*

*17.46(b)(12) - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and*

*17.46(b)(24) - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.*

14. Moreover, and specifically in violation of Section 17.50(a), Defendant collectively

engaged in the use of false, misleading and deceptive acts or practices outlined above, to which

Plaintiff relied on to its detriment, in addition to engaging in the following:

*17.50(a)(3) - An unconscionable action or course of action; and*
*17.50(a)(4) - Violating Chapter 541 of the Texas Insurance Code.*

4

15.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

16.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

17.     By representing that Defendant would pay for coverage under a policy and then not doing so, Defendant has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

18.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

19.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

20.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Defendant. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendant to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

21.     As a result of Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental

5

anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

22.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.   Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

## VIII.
## VIOLATIONS OF TEXAS INSURANCE CODE
**SECTION 541**

23.     Defendant's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Defendant committed the following unfair and deceptive acts or practices in the business of insurance:

*541.051(1)(A) - Making statements misrepresenting the terms of the policy; and*

*541.051(1)(B) - Making statements misrepresenting the benefits of the policy.*

24.     Continuing, in violation of Section 541.060(a), Defendant engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

*541.060(a)(1) - Misrepresenting a material fact or policy provision relating to coverage;*

*541.060(a)(2)(A) - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;*

*541.060(a)(3) - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;*

6

*541.060(a)(4)(B) - Failing to submit a reservation of rights to a policyholder;*

*541.060(a)(6) - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and*

*541.060(a)(7) - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.*

25. Further, Defendant violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by

*541.061(1) - Making an untrue statement of material fact;*

*541.061(2) - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;*

*541.061(3) - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and*

*541.061(5) - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.*

### SECTION 542

26. Defendant's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendant to date, Defendant has thus far committed the following prohibited practices:

*542.003(b)(1) - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;*

*542.003(b)(2) - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;*

7

*542.003(b)(3) - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;*

*542.003(b)(4) - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and*

*542.003(b)(5) - Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder*

27.    Defendant has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance

Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and

payment of insurance claims. More specifically, Defendant committed the following violations:

*542.055(a)(1) - Failing to acknowledge receipt of Plaintiff's claim within 15 days after Defendant received notice of Plaintiff's claim;*

*542.055(a)(2) - Failing to commence an investigation of Plaintiff's claim within 15 days after Defendant received notice of Plaintiff's claim;*

28.    As a result of the above-referenced violations and acts committed by Defendant, and in

accordance with Section 542.06 of the Texas Insurance Code, Defendant is liable to pay Plaintiff,

in addition to the amount of the claim, simple interest on the amount of the claim as damages each

year at the rate determined on the date of judgment by adding five percent to the interest rate

determined under Section 304.003, Finance Code, together with reasonable and necessary

attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as

provided by law. Interest awarded under this subsection as damages accrues beginning on the date

the claim was required to be paid.

29.    Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of

the DTPA, and because Defendant's actions and conduct were committed knowingly and

intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental

anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct.

30.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

31.     As a result of Defendant's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## IX.
## BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

32.     Defendant has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendant's coverage decision.

## X.
## WAIVER AND ESTOPPEL

33.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

9

## XI.
## DAMAGES

34.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff,

and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

Furthermore, Defendant's conduct was committed knowingly and intentionally. Accordingly,

Defendant is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all

operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory

penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## XII.
## ATTORNEY FEES

35.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to

the Texas Insurance Code, DTPA, and sections 38.001 of the Civil Practice and Remedies Code.

## XIII.
## REQUEST FOR DISCLOSURES

36.     Pursuant to Rule 194, Plaintiff is requested to disclose, within thirty (30) days of the service

of this request, the information and material described in Tex. R. Civ. P. 194.

## XIV.
## JURY DEMAND

37.     Plaintiff demands a jury trial on all contested issues in this lawsuit pursuant to TEX. R. CIV.

P. § 216, and previously tendered the required jury fee.

## CONCLUSION AND PRAYER

38.     Plaintiff prays that judgment be entered against Philadelphia Indemnity Insurance

Company, and that Plaintiff be awarded all of its actual damages, consequential damages,

prejudgment interest, additional statutory damages, post judgment interest, reasonable and

necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays she be awarded all such relief to which she is due as a result of the acts of Philadelphia Indemnity Insurance Company, and for all such other relief to which Plaintiff may be justly entitled. MECA requests a finding of no liability be entered and that it be awarded a judgment against the Plaintiff for the following:

a. actual damages;

b. economic damages;

c. additional damages;

d. exemplary damages;

e. expenses and costs;

f. attorney's fees;

g. pre- and post-judgment interest;

h. all other relief to which MECA, shows itself to be justly entitled.

Respectfully submitted,

KEARNEY, MCWILLIAMS & DAVIS

*/s/ Jason M. Klein*
Jason M. Klein
SBN: 24090211
410 Pierce Street, Suite 241
Houston, Texas 77002
T: (713) 936-9620
F: (713) 999-5287
jklein@kmd.law

***Attorney for Plaintiff***

11

# TAB 2

7/12/2019 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35094036
By: MARCELLA WILES
Filed: 7/12/2019 3:31 PM

## CAUSE NO. 2019-40120

| | | |
|---|---|---|
| **MULTICULTURAL EDUCATION** | § | **IN THE DISTRICT COURT** |
| **AND COUNSELING THROUGH** | § | |
| **THE ARTS, INC.**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY**, | § | |
| | § | |
| *Defendant.* | § | **333RD JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE DISTRICT JUDGE:

Philadelphia Indemnity Insurance Company, the Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by the Plaintiff, Multicultural Education and Counseling Through the Arts, Inc. ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

---

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff.

With regard to Plaintiff's claims for violation of provisions of chapter 541 of the Insurance Code and for breach of the common law duty of good faith and fair dealing, Philadelphia alleges that a bona fide dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

Pleading further and in the alternative, Defendant states that Plaintiff's claims and causes of action based upon alleged representations to Plaintiff that the insurance policy in question "had characteristics and or benefits that it actually did not have" and "was "of a particular standard, quality, or grade when [it] was of another," and made "statements misrepresenting the terms of the policy [and] the benefits of the policy" – fail as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of his own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.—El Paso

1996). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

Pleading further and in the alternative, Defendant alleges that Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, which therefore imposes the burden on Plaintiff to segregate any damages resulting from covered causes of loss.  *See All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.).

Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance

Defendant issued to Plaintiff under number PHPK1497088, including but not limited to the following:

a. *Property Coverage Form* (PI-ULT-007 11.98), modified by *Texas Changes* endorsement (form PI-ULT-043 01.01):

### A. Coverage

We will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss.

### B. Exclusions

See the Causes of Loss Form.

### E. Loss Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

### 3. Duties In The Event Of Loss Or Damage

a. You must see that the following are done in the event of "loss" to Covered Property:

\* \* \*

(2) Give us prompt notice of the "loss" or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the "loss" or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage by and of the Covered Causes of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also, keep a record of your expenses for emergency and temporary repairs, for consideration in settlement of the claim. This will not increase the Limit of Insurance.

(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of **"loss"** claimed.

(6) As often as may be reasonably required, permit us to inspect the property and records proving the **"loss"**.

Also permit us to take samples of damaged and undamaged property for inspection, testing, and

analysis, and permit us to make copies from your books and records.

**(10)** Cooperate with us in the investigation or settlement of the claim.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must signed.

**4. Loss Payment**

**a.** In the event of "loss" to Covered Property covered by this Coverage form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality.

**7. Valuation**

We will determine the value of Covered Property in the event of "loss" as follows:

a. At replacement cost (without deduction for depreciation) as of the time of "loss", except as provided in b., c., d., e., f., g., and h. below.

**(1)** We will not pay more for "loss" on a replacement costs basis than the least of:

**(a)** The Limit of Insurance applicable to the lost or damaged property;

**(b)** The cost to replace the lost or damaged property with other property:

**(i)** Of comparable material and quality; and

**(ii)** Used for the same purpose; or

**(c)** The amount you actually spend that is necessary to repair or replace the lost or damaged property.

**(2)** We will not pay on a replacement cost basis for any "loss".

---

**(a)** Until the lost or damaged property is actually repaired or replaced; and

**(b)** Unless the repairs or replacement are made as soon as reasonably possible after the "loss".

If the repairs or replacement are not made as soon as reasonably possible after the "loss", the value of the property will be actual cash value.

b.   *Causes of Loss Form* (PI-ULT-008 11.98):

### A.   Covered Causes of Loss

Covered Causes of Loss means Risks of Direct Physical Loss unless the "loss" is:

**1.**   Excluded in Section B., Exclusions; or

**2.**   Limited in Section C., Limitations;

that follow.

### B.   Exclusions

**2.**   We will not pay for "loss" caused by or resulting from any of the following:

    **d.**   **(1)**   Wear and tear;

        **(2)**   Rust, corrosion, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

**3.**   We will not pay for "loss" caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

    **c.**   Faulty, inadequate or defective:

        **(2)**   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)**   Materials used in repair, construction, renovation or remodeling; or

        **(4)**   Maintenance.

        Of part or all of any property on or off the described premises.

### C.   Limitations

**1.**   We will not pay for "loss" to:

---

    **c.** The interior of any "buildings", or to personal property in "buildings", caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        **(1)** The "buildings" first sustain damage by a Covered Cause of Loss to their roof or walls through which the rain, snow, ice, sand or dust enters….

c. *Texas Changes* endorsement (form PI-ULT-043 01.01):

    **A.   Legal Action Against Us**

    No one may bring a legal action against us under this Coverage Part unless:

    **a.** There has been full compliance with all of the terms of this Coverage Part….

d. *Commercial Property Conditions* endorsement (CP 00 90 07 88), as modified by *Property Coverage Form* (PI-ULT-007 11.98):

    **H.   POLICY PERIOD, COVERAGE TERRITORY**

    Under this Coverage Part:

    **1.** We cover loss or damage commencing

        **a.** During the policy period shown in the UltimateCover Program Declarations….

Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts alleged in the policy of insurance Defendant issued to Plaintiff.

Pleading further and in the alternative, Defendant pleads the applicability of the excessive demand doctrine, which precludes Plaintiff from recovering the fees and expenses of its attorney in this action. *See Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).

<u>P<small>RAYER</small></u>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company prays that upon final hearing and trial, the claims and causes of action Plaintiff Multicultural Education and Counseling Through the Arts, Inc. brought against Philadelphia Indemnity Insurance Company be dismissed with prejudice, that such Plaintiff take nothing from Philadelphia Indemnity Insurance Company through those claims and causes of action, and that Philadelphia Indemnity Insurance Company obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**MAYER LLP**

By:_____ */s/   William R. Pilat*_____
    William R. Pilat
    State Bar No. 00788205
    Email:  wpilat@mayerllp.com
    Allison M. Hooker
    State Bar No. 24046103
    Email:  ahooker@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 12, 2019, a true and correct copy of the foregoing pleading was served upon all other counsel of record, as listed below, by filing this instrument with the electronic service provider for the Harris County District Courts:

Jason M. Klein
KEARNEY, MCWILIAMS & DAVIS
410 Pierce Street, Suite 241
Houston, Texas  77002

_/s/   William R. Pilat_
William R. Pilat

# TAB 3

**CAUSE NO. 2019-40120**

| MULTICULTURAL EDUCATION | § | IN THE DISTRICT COURT |
| AND COUNSELING THROUGH | § | |
| THE ARTS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 333RD JUDICIAL DISTRICT |

<u>DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT</u>

TO THE HONORABLE DISTRICT JUDGE:

PLEASE TAKE NOTICE that pursuant to federal law, Philadelphia Indemnity Insurance Company, the Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit** "**A**," and that this action is removed to the United States District Court for the Southern District of Texas for trial as of this date, July 15, 2019. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

---

Respectfully submitted,

**MAYER LLP**

By: _____/s/   William R. Pilat_____
    William R. Pilat
    Texas Bar No. 00788205
    Email:  wpilat@mayerllp.com
    Allison M. Hooker
    State Bar No. 24046103
    Email:  ahooker@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:  713-487-2019

ATTORNEYS FOR DEFENDANT PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

    I certify that on July 15, 2019, a true and correct copy of the foregoing *Notice of Removal to Federal Court* was served upon all other counsel of record, as listed below, by filing it with the electronic service provider for the Harris County District Courts or by emailing it to such counsel:

    Jason M. Klein
    KEARNEY, MCWILIAMS & DAVIS
    410 Pierce Street, Suite 241
    Houston, Texas  77002

    _____/s/   William R. Pilat_____
    William R. Pilat

---